EASTERN DIS.
August, 1832.

WALLACE
ET AL.
vs.
INSURANCE
COMPANY.

## WALLACE ET AL. vs. INSURANCE COMPANY.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A policy of insurance against fire, where the contract states the company have insured eight thousand five hundred dollars on one brick house and two wooden ones, is not a valued policy.

The rules which govern the interpretation of other contracts, regulate those of insurance; and it is a cardinal rule of construction to give, if possible, every part of the agreement effect.

The written parts of a policy control those which are printed; but this rule is only applicable where they are irreconcilable.

The words "valued at," are invariably used where the intention of the parties is to make the estimate conclusive

The underwriters have no right to rebuild, unless the right is expressly conferred.

The facts are fully stated in the opinion of the court, delivered by PORTER, J.

This is an action on a policy of insurance against fire. The case presents three questions:

1. Whether the policy was a valued one?
2. Whether if it was open, the verdict and judgement be supported by evidence?
3. Whether the defendants had not a right to discharge themselves from the payment of money by rebuilding the houses which were burned?

In arguing the question whether the contract on which this litigation has arisen, was what is denominated a valued policy, counsel have gone into the consideration of the legality of such an agreement in a fire insurance. The books are very meagre of information on this subject, and if

37

EASTERN DIS.
August, 1832.

WALLACE
ET AL.
vs.
INSURANCE
COMPANY.

it were necessary to decide this case on that ground, we should most probably find that authority would not stand in the way of either conclusion, which reason might suggest. Parke states, "that the insurer from the nature of the thing is obliged in a great measure to rely on the integrity and honesty of the insured, as to the representation of the value and quantity of the property. Therefore, the utmost good faith is essentially requisite to render the contract effectual." And Marshall observes, "there is reason to believe insurances against fire are often made to a large amount upon property of a very small value with a fraudulent view." These remarks, perhaps, authorize the conclusion that in the opinion of these writers, there may be a valued policy in an insurance like that now under consideration. Phillips states in the most unqualified manner, there may, and that the rules with respect to valuation are the same as those in relation to a ship and cargo. In this assertion he is supported by the case of *Harris* vs. *The Eagle Insurance Company*, cited in argument. Bell in his commentaries, says the loss by fire is scarcely ever a total loss, and the valuation in the policy is rather the fixing of a maximum beyond which the underwriters are not to be liable, than the conclusive ascertainment of the value. In France, where these contracts have of late years become very common, valued policies are rejected on reasons of public policy. *Parke on Ins.* 603. *Carey's Marshall, vol.* 2, 788. *Phillips on Ins.* 320. 5 *Ivh.* 371. *Bell's Com. vol.* 1, 627. *Traite de l'Assurances contre l'incendie par Boudousquie, nos.* 9, 132, 248, and 255.

A policy of insurance against fire where the contract states the company have insured eight thousand five hundred dollars on one brick house and two wooden ones, is not a valued policy.

Be the law, however, on this question as it may, we do not think there was in this case a valued policy. The contract states the company have insured eight thousand five hundred dollars, on one brick house and two wooden ones. The words "valued at" are not inserted, but the former is put down at six thousand seven hundred dollars, the latter at one thousand eight hundred dollars. Then follows this clause, "and the said company do hereby promise, &c. to make good to the said insured, &c. all such loss or damage not exceed-

ing the sum hereby insured. The said loss or damage to be estimated according to the true and actual value of the said property at the time the same shall happen."

The rules which govern the interpretation of other contracts, regulate those of insurance, and it is a cardinal rule of construction to give if possible every part of the agreement effect. It is indeed true, as observed from the bar, that the written parts of a policy control those which are printed, but this principle can only receive a proper application in cases where it is not possible to satisfactorily reconcile them. No such difficulty presents itself here. The sums placed opposite the houses respectively, may be easily accounted for as indicating an amount beyond which the company would not be responsible. The absence of the terms "valued at," which are invariably used in maritime policies, where the intention of the parties is to make the estimation conclusive, strengthens this construction. We are clear there is no such repugnance between the written and printed clauses, as authorizes us to reject one of them. See 2 *Washington C. C. R.* 175.

II. We think the evidence supports the judgement below, and that a correct conclusion was drawn by the jury in relation to the value of the property destroyed by fire. Connected with this part of the case is the bill of exceptions to the judge's refusal to permit the jury to take into consideration the amount stated in the policy as insured on each house. Whether this estimation might not properly have formed an element in the calculation the jury was required to make, need not be decided. For if we were of opinion it should have been admitted we would remand the cause, and we understand the appellee prefers an affirmance of the judgement.

III. On the last point which is as to the right of the defendants to rebuild, there is no doubt. No usage is found to sanction such a pretension. There is no law which authorizes it. The contract makes no mention of it. On the contrary it stipulates the loss shall be compensated in

EASTERN DIS.
*August*, 1832.

WALLACE
ET AL.
*vs.*
INSURANCE
COMPANY.

The rules which govern the interpretation of other contracts regulate those of insurance, and it is a cardinal rule of construction to give if possible every part of the agreement effect. The written parts of a policy control those which are printed, but this rule is only applicable where they are irreconcileable. The words "valued at" are invariably used where the intention of the parties is to make the estimate conclusive.

The underwriters have no right to rebuild unless the right is expressly conferred.

money. It is true rebuilding might in some cases be an indemnity for the loss. It would perhaps have been so in this instance, but then it was not the indemnity the assured paid for, and we are at a loss to conceive, how on policies where such a right is not expressly conferred, it could be supposed one of the parties had a right to change the agreement and substitute one mode of performance for another.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

*Pierce*, for appellant.    *Slidell*, for appellees.