*309 Statement of the Case.
MONROE, C. J.
These suits have been brought under similar, tornado, policies of insurance, for the recovery of losses alleged to have been sustained by reason of damage to the same property, inflicted by the same storm, and are dependent, as to their results, upon the same facts and the same law. They have therefore been consolidated, for the purposes of the trial in the district court and of the argument in this court, and will be referred to in this opinion as one case.
It appears that each of the defendant companies issued two policies, each for $20,625, covering the following items:
“$2,500.00. On the two-story, metal roof, frame building and additions attached, including the iron-clad boiler house and all permanent fixtures therein as part of the buildings, while occupied as a saw and shingle mill, situated on the north bank of Bayou Bœuf, Morgan City, La.
“$4,750.00. On fixed and movable machinery of ail kinds, including engines, dynamos, band saws, trimmers, edgers and slashers and their machinery, boilers and their settings and connections (smokestack excepted), while contained in the above-described buildings and their additions thereto.
“$250.00. On two smokestacks, which form a part of the machinery insured under this policy.
“$75,000.00. On their stock of lumber, laths, shingles, posts and other timber products, their own or held by them in trust or on commission, or sold but not delivered, while piled in their yards at Morgan City, La.”
Plaintiff claims loss under each of the items, as follows:
Damage to the mill building proper, $76.61.
Expense occasioned by regrading and re-stacking the lumber blown from the piles, $349.16.
Loss and damage occasioned by blowing lumber from piles, splitting the same, and otherwise damaging and destroying it, $900.
Loss occasioned by wind and rain after the piles were unroofed, by stain and stick-rot, $15,000.
In setting forth, specifically, its claim with respect to the item last above mentioned, plaintiff alleges that it had certain lumber stacked on its yard; that, as the piles were completed, it had caused them to be covered, or roofed, because the wetting of lumber, after it is stacked and becomes dry, or partially dry, causes it to become stained and degrades it by reason of damage and deterioration at the joints where the stacking strips cross; that in September, 1915, a storm, or hurricane, visited Morgan City and unroofed plaintiff’s stacks, blew quantities of the lumber from the tops, breaking and splitting it, and otherwise damaging it, by permitting it to become drenched and flooded, from above, by the torrential rains that accompanied the storm and followed shortly thereafter; and that petitioner suffered further loss in that it was put to expense in replacing the covers on the stacks and regrading and restacking the lumber which was of value and had not been destroyed.
Defendants admit liability for the actual damage, included in the three items first above mentioned, but deny that plaintiff sustained any damage by the flooding of its lumber by rain, and aver that even if such damage were sustained, it is not entitled to recover under the policies sued on, for the reason that the lumber was not contained in a building, but was stacked in piles, in plaintiff’s yard, whereas the policies covered loss or damage by rain only when the property insured was contained in a building, and then only in the. event that such building should previously have sustained damage to the roof or walls by the direct force of the wind; and they specially pleaded the follow-; ing provision of the policies, to wit:
“This company shall not be liable for any loss or damage caused by water or rain, whether *311 driven by wind or not, unless the building insured, or containing the property insured shall first sustain an actual damage to the roof or walls of same by the direct force of the wind, and shall then be liable only for such damage to the interior of the building or the insured property therein as may. be caused by water or rain entering the building through openings in the roof or walls made by the direct action of the wind.”
Defendants also sep up a clause in the policies requiring plaintiff: to produce its books of account, bills, invoices, etc., and alleges ■that plaintiff refused to comply therewith; but that contention is not insisted on, and from the view that we take of the case need not be considered. After hearing, the trial court gave judgment for plaintiff, as prayed for, as to the first and second items of its claim, and, as to .the third item, for $851.58 (instead of $900), and rejected its demand as to the fourth item. Plaintiff has appealed but makes no complaint of the judgment as to the three items first mentioned, and defendant has neither appealed nor answered. We have therefore only the correctness of the judgment as to the fourth item to consider.
Using the noun singular (“policy” instead of policies), as more convenient, the policy sued on bears upon its face, as part of the printed form, the legend (the blanks being appropriately filled):
“Standard Tornado Policy.
“The Home Insurance Company, * * * in consideration of the stipulation herein named * * * and * * * premium does insure * * * for the term of * * * from the * * * day of * * * 19 — , at noon, standard time, to the * * * day of * * * 19 — , at noon, standard time, against all direct loss or damage by tornado, windstorm or cyclone, except as hereinafter provided to an amount not exceeding - dollars, on the following described property while located and contained as described herein and not elsewhere.”
Then comes the typewritten “rider,” reading:
“Cotton Bros. Cypress Co., Ltd., Morgan City, La.
“This policy, being for $20,625.09, covers pro rata on each of the following items and amounts:
“$2,500.00. On the * * * building * * * while' occupied as a lumber and shingle mill.
“$4,750.00. On * * * machinery of all kinds * * * (smokestacks excepted), while contained in the * * * buildings.
“$250.00. On two smokestacks. * * *
“$75,000.00. On their stack of lumber, laths, shingles, posts and all other timber products, their own or held by them in trust or on commission or sold but not delivered, while piled in their yard at Morgan City, Louisiana. * * *
“(Printed matter.)
“This policy is made and accepted subject to the stipulation and conditions printed on back hereof, which are hereby specially referred to and made part of this policy. * * * ”
Conditions referred to in body of contract:
ÍÍ * * i¡! * * * $
“This company shall not be liable for any damage caused by water or rain, whether driven by. wind or not, unless the building insured, or containing the property insured, shall first sustain an actual damage to the roof or walls of the same, by the direct force of the wind, and shall then be liable only for such damage to the interior of the building or the insured property therein as may be caused by water or rain entering the building through openings in the roof or walls, made by the direct action of the wind.”
Opinion.
[1, 2J Counsel for plaintiff invoke the general rule that, where there are written and printed stipulations in a policy of insurance, the written stipulations should control if they are irreconcilable with those in printed form. That rule is, however, qualified by the fundamental principle, applicable to all contracts, that they should be so construed, if possible, as to give effect to all of their stipulations and strike none with nullity. It will be observed that the policy here in *313 question is labeled, “Standard Tornado Policy,” and that its declared purpose is, not to insure plaintiff against rain, or fire, or personal injury or any other indirect consequence of a tornado, but against all direct loss, or damage, by tornado, windstorm, or cyclone; and that defendant’s, intention not to insure against damage caused by water, or rain, save upon conditions which are specified, is affirmatively declared. If, then, we, upon the one hand, hold that insurance against direct loss or damage by tornado, windstorm, or cyclone, necessarily includes loss or damage by rain which accompanies a tornado or windstorm, we strike with nullity the provision to the effect that defendant declines to assume that risk. Upon the other hand, if we hold, construing the two provisions together, that the liability for “direct” damage by tornado, imposed by the one provision, does not include “indirect,” or consequential, damage, by water or rain, because the other provision disclaims such liability, we give a reasonable effect to both.
That view of the matter seems to be so well reasoned in the case of Newark Trust Co. v. Agricultural Ins. Co. (Circuit Court of Appeals, Third Circuit) 237 Fed. 788, 150 C. C. A. 542, that we reproduce the following excerpt from the opinion (as we find it in the brief of defendant’s counsel) to wit:
“This clause [referring to the rain and water clause], disclaiming liability, is as much a part of the contract as the clause assuming liability, and it must be considered in connection with all other expressions in seeking the sense and the scope of the contract. The insurance company states in the liability clause what it insures against, namely ‘loss or damage by windstorms, tornadoes, cyclones or hurricanes.’ In order to make certain just what it insures against, it states by two other clauses what it does not insure against, first, ‘loss or damage occasioned directly or indirectly by * * * high water,’ and, second, ‘loss or damage caused by water or rain, whether driven by wind or not,’ except in the one instance of damage caused by water entering an opening previously made by wind. The defendant’s liability must be found within these three clauses. They are not ambiguous in their terms and are not fairly susceptible of two different constructions, and do not therefore call for interpretation under the familiar canons of construction, which incline to the insured and against the insurer. Insurance Co. v. Boon, 95 U. S. 117, 128, 24 L. Ed. 395; Thompson v. Insurance Co., 136 U. S. 287, 10 Sup. Ct. 1019, 34 L. Ed. 408; Holmes v. Phoenix Ins. Co., 98 Fed. 240, 39 C. C. A. 45, 47 L. R. A. 308. They are related to one another not only in subject-matter but by express terms of reference. They are in no sense inconsistent or conflicting, but are cumulative or rather explanatory of one another, and make dear what is insured against by reciting what is not insured against. Reserving any question of proximate cause, it is manifest from the terms of the contract, as well as from the enumerated elements, that the perils insured against are the perils of the air, and among those especially excepted are perils of water; and that after disclaiming liability for damage caused by such specific water forces as tidal wave,” high water, overflow and doudburst, the insurance company broadly refuses to assume liability for any loss or damage caused by water, even when ‘driven by wind.’ ”
Counsel for plaintiff cite Wallace v. Insurance Co., 4 La. 289, to the effect that—
“The written parts of a policy control those which are printed; but this rule is only applicable where they are irreconcilable.”
That expression (taken from the syllabus) is found in the following paragraph of the opinion, to wit:
“The rules which govern the interpretation of other contracts regulate those of insurance, and it is a cardinal rule of construction to give if possible every part of the agreement effect. It is indeed true, as observed from the bar, that the written parts of a policy control those which are printed, but this principle can only receive a proper application in, cases where it is not possible to satisfactorily reconcile them. No such difficulty presents itself here. * * * We are clear there is no such repugnance between the written and printed clauses as authorizes us to reject one of them.”
And to the same effect is the opinion in Goicoechea v. La. State Ins. Co., 6 Mart. (N. S.) 55, 56, 17 Am. Dec. 175. And such, in *315 fact, is the rule declared by the law. O. C. 1948, 1950, 1951, 1952.
We therefore conclude that the trial judge did not err in rejecting plaintiff’s demand for damages alleged to have been sustained by water, and his judgments, in these consolidated cases, are accordingly affirmed, at the cost of the plaintiff.