198 So.2d 907 (1967)
Forest J. BRADY
v.
The AMERICAN INSURANCE COMPANY et al.
No. 2604.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1967.
Rehearing Denied June 5, 1967.
*909 James P. Vial, Leon C. Vial, III, Harry T. Lemmon and Mary Ann Vial Lemmon, Leon C. Vial, III, Hahnville, for Forest J. Brady, plaintiff-appellant.
Porteous & Johnson, William A. Porteous, III, New Orleans, for Hertz Corporation and Atlantic Nat. Ins. Co., defendants-third party plaintiffs-appellees.
Loeb & Livaudais, Marcel Livaudais, Jr., New Orleans, for American Ins. Co., James J. Bernard and Terre Haute Plantation, Inc., defendants-third-party plaintiffs-appellants.
Before YARRUT, CHASEZ and BARNETTE, JJ.
BARNETTE, Judge.
Plaintiff Forest J. Brady was awarded damages of $2,274 against one of the defendants herein, The American Insurance Company, for personal injuries and special damages arising out of an automobile accident. Brady appealed devolutively on the issue of quantum and also from that part of the judgment which rejected his demands against defendants The Hertz Corporation and Atlantic National Insurance Company, Hertz's liability insurer. The American Insurance Company, James J. Bernard and Terre Haute Plantation, Inc., have appealed devolutively, including appeal from that portion of the judgment rejecting their third party demands against Hertz and Atlantic.
On November 5, 1962, at about noon, the plaintiff was driving his automobile on the Gramercy Road approaching U. S. Highway 61 (also called Airline Highway). A short distance before reaching Airline Highway, he met a large tractor-truck and trailer unit heavily laden with sugar cane moving in the opposite direction toward a sugar mill. The tractor-truck was operated by James J. Bernard, an employee of Terre Haute Plantation, Inc. The trailer and the load of sugar cane were owned by Terre Haute. The tractor-truck pulling the *910 trailer was owned by The Hertz Corporation and leased to Terre Haute. Just a moment before plaintiff would have passed safely, a chain which bound a bundle of sugar cane suddenly came loose, causing a large amount of cane to fall off the trailer onto the highway directly in the path of plaintiff's car. The car struck the sugar cane and veered off the road with resulting injury to plaintiff.
Plaintiff filed a direct action against American (Terre Haute's alleged insurer); against Bernard, the driver, personally; and against Hertz and its alleged insurer, Atlantic, praying for judgment in solido. He did not sue Terre Haute, although it was the owner of the trailer and sugar cane and was the employer of Bernard.
Hertz and Atlantic denied liability on several grounds, which will be discussed below. They then assumed the position of third party plaintiff against Terre Haute and its insurer, American, for indemnity or alternatively for contribution, in the event they should be cast for damages in favor of plaintiff Brady.
American and Bernard answered denying liability and pleading contributory negligence of Brady. American and Terre Haute answered the third party petition. They were joined by Bernard and assumed the position of third party plaintiffs against Hertz and Atlantic for indemnity or alternatively for contribution, in the event either or all of them should be cast in judgment to Brady.
In this confused pleading, it should be remembered that Terre Haute, the owner of the offending trailer and employer of Bernard, was not made a defendant by the plaintiff Brady. Therefore, under the pleadings before us, Terre Haute can only be held liable to Hertz and Atlantic on their third party petition in the event they are cast in judgment.
In lengthy reasons for judgment, the trial judge made several findings of fact with which we unequivocally agree. They are in substance as follows:
1. The sugar cane was loaded by Terre Haute's employees, other than Bernard, and Bernard was not responsible for the manner in which it was loaded. His duty was to drive the tractor-truck after the trailer was loaded.
2. There was "no evidence whatsoever to indicate that his [Bernard's] conduct was other than that of a prudent and careful driver."
3. The plaintiff was not guilty of contributory negligence.
4. The doctrine of res ipsa loquitur, pleaded by plaintiff, applied to the situation presented as against Terre Haute Plantation, Inc.
5. The "plaintiff has borne the duty of showing under the circumstances of the case that the accident was of an uncommon nature, and one which does not commonly occur in the absence of negligence. It compels the inference therefore that someone was guilty of an act of negligence."
6. The accident resulted when a "dog" slipped on a binding chain, causing a bundle of cane to fall off the trailer.
7. It was not enough that the offending object was identified, but it was incumbent on Terre Haute, its agents or employees to explain the chain failure and exculpate themselves of negligence. "The evidence utterly fails to reveal Terre Haute has fulfilled that duty."
8. All the evidence ruled out the possibility of contributing causes.
These findings of fact are so clearly supported by the record before us that it is needless to discuss in detail the evidence upon which the conclusions are reached.
The plaintiff seeks to hold Hertz liable on allegations of negligence in failing to supervise the loading of the trailer, permitting *911 it to be loaded improperly, and operating and leasing an unsafe and inadequate instrumentality (the tractor-truck). These allegations are wholly without merit. There is not one scintilla of evidence in the record to support any of plaintiff's allegations against Hertz. The loading of the cane was wholly under the control and supervision of Terre Haute and its employees. There was no relationship of respondeat superior between Hertz and any person charged with the use of the leased tractor-truck. Moreover, there is no evidence whatever of mechanical defect in the leased unit.
Plaintiff Brady and the third party plaintiffs, Bernard, Terre Haute and American, seek to hold Hertz's insurer, Atlantic National Insurance Company, liable under the omnibus insurance coverage provisions. They contend that Terre Haute, the lessee of the tractor-truck and its employee, Bernard, come under the following definition of insured in the policy:
"III Definition of Insured
With respect to the insurance for bodily injury liability and for property damage liability the unqualified word `insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. * * *"
The use of the tractor-truck was by a person (Bernard) or an organization (Terre Haute) legally responsible for its use, and its use was with the permission of the named insured. Therefore, unless otherwise excluded from coverage, we must hold that coverage did extend to the use of the tractor-truck at the time in question. The pertinent part of the exclusionary clause in the policy is as follows:
"This policy does not apply:
* * * * * *
(c) under coverage A and B, while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company * * *." (Emphasis added.)
If Hertz is the "insured" within the meaning of this clause, it follows that since the trailer being towed by the insured vehicle was neither "owned" nor "hired" by Hertz, this exclusionary clause does not apply. This was held squarely under identical policy provisions in Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co. v. Hartford Acc. & Indem. Co., 310 F.2d 618 (4th Cir.1962). If, however, under the above "Definition of Insured," Terre Haute is the "insured" referred to in the above exclusionary clause, the exclusion does apply. This is because the trailer owned by Terre Haute was "not covered by like insurance in the company." It was insured by American.
However, Atlantic, being the omnibus insurer of Terre Haute and Bernard, is liable only for injury caused by fault in the insured vehicle or in its use. As we have stated above, there was no negligence whatever on the part of Bernard, who drove the tractor-truck in a prudent and careful manner. Neither was there any fault in the tractor-truck itself, nor was its use related in any manner to the cause of the accident. The record contains nothing upon which it could be argued that its use contributed in any degree to the accident.
In their third party demand, Terre Haute and American also seek to hold Hertz liable under the terms of the rental agreement in which it is contended Hertz obligated itself to provide insurance coverage. They rely on the following statement printed on the reverse side of the rental agreement:
"7. Vehicle is covered by an automobile liability insurance policy, a copy of which is available for inspection at the main office of Lessor upon request by Customer. *912 Said policy contains bodily injury or death liability limits of $100,000 for each person in each accident, $300,000 limits for all persons in each accident, and property damage liability limits of $25,000 for each accident * * * Said policy does not apply to * * * any liability of Customer or the driver, or the employer of either, with respect to bodily injury * * * caused while vehicle is being used * * * to propel or tow any trailer or any vehicle used as a trailer unless the vehicle rented hereunder is a tractor * * *."
The rented vehicle was a tractor-truck. Therefore, Terre Haute and American contend that Hertz is liable ex-contractu as an indemnitor under this clause. Terre Haute's argument that Hertz violated its rental contract by not providing it with insurance coverage is without merit. There was no agreement to insure Terre Haute's trailer, but only a declaration that the leased tractor-truck was insured. As pointed out above, this coverage was provided and there was no breach in this respect.
There is no merit in the contention that Hertz obligated itself to provide indemnity. The trial judge, in his very thorough "Reasons for Judgment," discussed this contention fully. We concur in his conclusions in this respect and adopt the following portion of his reasons as a part of this opinion:
"* * * Considered in its overall context, this appears to be nothing more than a declaration of insurance coverage. It makes specific reference to and incorporates the policy in imposing upon the `customer' all of its terms, conditions and provisions. It may be reasonably construed as a notice to the party to whom the vehicle is rented that subject to certain conditions and compliances, insurance coverage is afforded. It does not read as a carte blanche promise to insurance coverage under all conceivable conditions and circumstances. The policy provisions themselves determine specifically what coverages are contemplated and specifically when such coverages come into effect. By no stretching of its language does it appear to become a guarantee to indemnify any party in the event of loss, even more so against loss due to `indemnitee's' own negligence. Unless there be no room for doubt as to the intent of the parties, unless the language be express and unequivocal as to the promise to indemnity, the Courts have considered parties to not have entered into such an agreement. Grigsby v. Coastal Marine Service of Texas, Inc. [D.C.], 235 F.Supp. 97; Buford et al v. Sewerage and Water Board of New Orleans [La.App.], 175 So. 110; Mills v. Fidelity Cas. Co., of N. Y., [D.C.], 226 F.Supp. 786; La.Civil Code Art. 3039."
The policy to which the foregoing refers was not filed in evidence, but in lieu thereof Hertz and Atlantic filed a specimen form purporting to be a correct copy. This was admitted in evidence without objection. Therefore, objection by Terre Haute and American in their brief and oral argument, that it was only a "jacket with no coverage information," will be disregarded. Objection was not timely made. It is difficult to understand their objection since they seek to avail themselves of the policy's coverage, as discussed above.
After the cane was cut, it was loaded on carts across which were first placed chains. The chains were pulled around the cane to make a bundle. The carts were pulled to the loading derrick where the cane was lifted by a boom connected to the chains which drew them tight, thus forming a compact bundle. The chain was held taut by a device known as a "dog." The loading operations were under the control and supervision of the derrick man, Terre Haute's employee. The truck driver Bernard had no responsibility for loading, his only duty being to disengage the hoist cable after the bundle was placed on the trailer. Thereafter, Bernard cut off the protruding stalks and proceeded to the mill. Any fault present in the loading or in the *913 use of defective chains is chargeable to Terre Haute's employees, other than Bernard.
Terre Haute Plantation, Inc., had two policies of insurance with The American Insurance Company; both were filed in evidence. Neither one provides coverage for the accident in question. One is a Comprehensive Liability Policy, which provides no coverage under "A" for bodily injuries caused by automobile. It only contains coverage under "B" for bodily injuries"EXCEPT AUTOMOBILE" with the following exclusionary clause:
"This policy does not apply:
* * * * * *
(f) under coverages B * * * to the ownership, maintenance, operation, use, loading or unloading of * * * (2) automobiles if the accident occurs away from such premises or the ways immediately adjoining * * *."
The accident in question happened off the insured's premises on a public highway. Clearly, therefore, this policy is not applicable.
The other policy issued by American to Terre Haute is an automobile fleet liability policy covering a number of trailers, trucks and automobiles, including the trailer involved in the accident. It contains the following exclusion:
"This policy does not apply:
* * * * * *
(c) under coverages A [bodily injury coverage] and B, while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the Company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the Company." (Emphasis added.)
The trailer clearly comes within the foregoing exclusion from coverage. It was being used with a tractor-truck "hired by the insured" at the time of the accident, and the tractor-truck was "not covered by like insurance in the Company [The American Insurance Company]." Pennsylvania
Threshermen and Farmers' Mut. Cas. Ins. Co. v. Hartford Acc. & Indem. Co., supra; Pothier v. New Amsterdam Cas. Co., 192 F.2d 425, 31 A.L.R.2d 295 (4th Cir. 1951); American Indem. Co. v. Carney, 54 F. Supp. 273 (E.D.Mo.1944); Inland Mut. Ins. Co. v. Hightower, 274 Ala. 52, 145 So. 2d 422 (1962); Hartford Acc. & Indem. Co. v. Lockard, 239 Miss. 644, 124 So.2d 849 (1960).
The trial judge specifically held that there was no liability on the part of Atlantic National Insurance Company under its policy to Hertz covering the leased tractor-truck, because of the clear provisions of the exclusionary clause. He said, however: "Unlike National's [Atlantic's] policy on the tractor-truck, there appears no exclusion clause that would spare American liability." On this conclusion American was cast for liability to plaintiff as the insurer of Terre Haute, whose negligence was the proximate cause of plaintiff's injuries. The two policies contained identical exclusionary clauses. Therefore, we must hold that the trial judge was in error in taking notice of one and not of the other. We have discussed above the effect of the first part of the exclusionary clause as it relates to Hertz and Terre Haute in respect to Atlantic's coverage.
The second part of the exclusionary clause in American's policy relates only to Terre Haute. Because of this exclusion American cannot be held liable for the injuries resulting from Terre Haute's negligence. The parties are bound by the terms of their insurance contract, as we said in Rancatore v. Evans, La.App., 182 So.2d 102 (1966):
"A contract of insurance is like any other contract; where no ambiguity or *914 doubt exists therein, it is to be enforced as written. It is the law between the parties and is the measure of their rights and responsibilities. R.C.C. arts. 13 and 1901; Hemel v. State Farm Mut. Auto. Ins. Co., supra [211 La. 95, 29 So.2d 483]; Parks v. Hall, 189 La. 849, 181 So. 191; Dorsett v. Thomas, 152 La. 60, 92 So. 734; Cotton Bros. Cypress Co. v. Home Ins. Co. of New York, 147 La. 308, 84 So. 792; Wallace v. Insurance Company, 4 La. 289." 182 So.2d at 107.
We must therefore reverse the judgment casting American in liability.
There is no party defendant before us against whom recovery can be allowed plaintiff. Terre Haute Plantation, Inc., whose negligence was the proximate cause of the accident, was not made a party defendant by plaintiff. The named defendants are not liable for the reasons stated above.
The judgment below decrees only the issue of plaintiff's demand against the defendant The American Insurance Company and is silent on all other issues. All issues presented by the pleadings and on which evidence has been offered will be considered as disposed of by final judgment. If the judgment is silent as to some of the issues, they are considered as rejected in the absence of express reservation. Soniat v. Whitmer, 141 La. 235, 74 So. 916 (1917); Villars v. Faivre, 36 La.Ann. 398 (1884); Mexic Bros., Inc. v. Sauviac, 191 So.2d 873 (La.App. 4th Cir. 1966). The litigants have recognized this fact. Their appeals were taken on the issues on which the judgment is silent. There was no appeal from the rejection of plaintiff's demands against the defendant Bernard, and the judgment is therefore final in that respect. Bernard is before us only as a third party plaintiff-appellant.
For these reasons the judgment in favor of plaintiff Forest J. Brady against The American Insurance Company is reversed, and there is now judgment in favor of The American Insurance Company against Forest J. Brady, rejecting his demands and dismissing his suit. In all other respects, insofar as the judgment was appealed, the same is affirmed.
The plaintiff Forest J. Brady is cast for all costs in both courts.
Reversed in part; affirmed in part.