242 So.2d 264 (1970)
Mrs. Bobbie Parker MAYS et al., Plaintiffs-Appellees,
v.
AETNA CASUALTY & SURETY COMPANY et al., Defendants-Appellants.
No. 11535.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1970.
Rehearing Denied January 11, 1971.
Lunn, Irion, Switzer, Johnson & Salley, by Richard H. Switzer, Shreveport, for defendant-third party plaintiff-appellant, Aetna Casualty & Surety Co.
Hargrove, Guyton, Van Hook & Ramey, by Thomas J. Wyatt, Shreveport, for defendant-appellant, R. Earl Baremore, Jr.
Hendrick, Fant, Sexton & Bain, by Troy E. Bain, Shreveport, for plaintiffs-appellees.
*265 Mayer & Smith, by Charles L. Mayer, Shreveport, for defendants-appellees, Central Louisiana Electric Co. and Continental Casualty Co.
Blanchard, Walker, O'Quin & Roberts, by Wilton H. Williams, Jr., Shreveport, for defendant-appellee, Bituminous Casualty Co.
Feist, Schober & Howell, by Malcolm W. Feist, Shreveport, for third party defendant-appellee, Tri-State Ins. Co.
Before AYRES, DIXON and HEARD, JJ.
En Banc. Rehearing Denied January 11, 1971.
DIXON, Judge.
This is an appeal from a motion for summary judgment. The motion was filed by parties impleaded as third party defendants. The third party plaintiffs were defendants in a wrongful death action.
Plaintiff's husband was electrocuted when a caterpillar tractor with a boom attached to it was being loaded on a semitrailer which was to be pulled by a truck-tractor. The plaintiff, in an attempt to avoid the limits of liability imposed by workmen's compensation laws, impleaded R. Earl Baremore, Jr., an officer and director of Pelican Trucking Company, Inc. Aetna Casualty & Surety Company's position is the same as that of Baremore.[1]
To obtain additional liability insurance and additional assistance in defending plaintiff's claim against him, Baremore brought this action against Tri-State Insurance Company.
Tri-State Insurance Company denied that it covered Baremore, and filed a motion for summary judgment. The motion for summary judgment contained allegations of fact and conclusions of law, stating that: (1) there was no omnibus clause coverage because the truck-tractor was not being used by Baremore; and (2) an exclusionary clause concerning the use of trailers with insured automobiles would prevent coverage.
There was judgment in the district court dismissing the third party demand of Baremore and Aetna against Tri-State Insurance Company.
Before us, the appellants contend that the motion for summary judgment should not have been sustained, because of deficiencies both procedural and substantive.
Baremore first contends that the motion for summary judgment should have been denied because it relied upon only one affidavit, and that affidavit on its face showed that the allegations contained therein were based on hearsay evidence, inadmissible on a trial. The depositions referred to in the affidavit are not in the record, and have not been filed. The statement of Baremore referred to in the affidavit as an admission is not in the record, and has not been filed.
The plain provisions of the Code of Civil Procedure, Article 967, as amended, require affidavits to be made on personal knowledge, and require the attachment of sworn or certified copies of papers referred to in the affidavit:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set *266 forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits."
Baremore has filed answers, but has not admitted in his pleadings facts essential to Tri-State's motion.
Tri-State contends that, since Baremore did not file affidavits establishing that unresolved material issues remain to be decided, the facts set out in Tri-State's motion must be accepted as true.
C.C.P. 967 was amended in 1966, and the following paragraph was incorporated:
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
Baremore did not fail to respond to Tri-State's motion, but his response was in the form of a pleading called "Opposition of R. Earl Baremore, Jr. to Motion for Summary Judgment by Tri-State Insurance Company." This pleading purported to admit or deny each allegation in Tri-State's motion for summary judgment, and is not in the form of an affidavit by a witness placing at issue facts essential to the position of the party moving for summary judgment.
If Tri-State's affidavit complied with the requirements of C.C.P. 967 (made on personal knowledge, and showing on its face that affiant is competent to testify to matters stated), it would be necessary to decide whether Baremore's "opposition" would prevent concluding that there was no genuine issue of material fact between Baremore and Tri-State.
As it is, we are relegated to the authority for granting a motion for summary judgment, found in the last sentence of C.C.P. 966, as amended:
"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
Although the pleadings of other parties to this litigation allege facts essential to Tri-State's motion, it cannot be said that Baremore admits those facts. In the absence of establishing uncontroverted facts by methods approved in the statutory provisions, there is no authority for granting a motion for summary judgment.
However, since these reasons preventing the granting of a motion for summary judgment are purely procedural and may be easily corrected, it would save time and effort for the litigants to have decided the substantive issues presented by the motion.
To establish its defense of lack of coverage, Tri-State depends on the existence of at least the following facts: Tri-State insured only the truck-tractor; the accident occurred while the truck was stationary, but connected to the semitrailer, after the caterpillar tractor had been placed on the trailer, and while the boom of the caterpillar tractor was being adjusted, preparatory to moving.
Baremore contends that by virtue of the loading and unloading clause in the Tri-State policy, he was an omnibus insured.
The loading-unloading clause in the policy states: "Use of an automobile includes the loading and unloading thereof."
Tri-State contends that Baremore did not use the truck-tractor, because it was stationary *267 and was not being loaded; that only the trailer was being loaded; that the truck-tractor, possessing only a cab and a fifth wheel, was not capable of being loaded.
Common sense interpretation of the situation resists such an argument. The trucktractor and the semitrailer become one vehicle for transporting things like the caterpillar tractor. See Johnson Transfer & Freight Lines, Inc. v. American National Fire Insurance Company, 168 Tenn. 514, 79 S.W.2d 587, 99 A.L.R. 277; Delametter v. Home Insurance Company, 233 Mo.App. 645, 126 S.W.2d 262.
The truck-tractor insured by Tri-State is designed to haul cargo. It has no efficient or economic utility otherwise. In order to haul cargo, it is designed to pull a trailer which in turn contains the cargo. This is the very use for which the vehicle is made. Although it was at rest, it supported the trailer on which the caterpillar machine was being loaded. To load the trailer is to load the truck-tractor. For a discussion of the "common sense" interpretation of the loading and unloading clause see Fertitta v. Palmer, 252 La. 336, 211 So.2d 282.
Tri-State contends that an exclusionary clause in the policy eliminates the possibility of coverage:
"The insurance * * * does not apply * * * with respect to an automobile while used with any trailer owned or hired by the insured and not covered by like insurance in the company * * *"
This exclusion can have no application to the case before us. Tri-State points out that the trailer was "hired" by Pelican, but insured by Aetna, not Tri-State. Confusion arises by interchanging Pelican and Baremore. The "insured" with which we are here concerned is not Pelican, but Baremore. Baremore neither owned nor hired the trailer.
Tri-State cites Brady v. American Insurance Company, La.App., 198 So.2d 907 as interpreting the exclusionary clause. That case has no application here. The court in the Brady case only considered whether two corporate defendants (The Hertz Corporation, owner of the trucktractor leased to Terre Haute Plantation, Inc. and Terre Haute Plantation, Inc., owner of the trailer) were excluded. Whether the exclusionary clause applied to the individual defendant was not an issue, and did not arise.
The exclusionary clause relied on by Tri-State will not prevent the application of Tri-State's insurance to Baremore, who is an omnibus insured because of the use of the insured truck-tractor which supported the trailer during the loading operation.
For these reasons, the judgment of the district court is reversed, and there is now judgment in favor of third party plaintiffs, R. Earl Baremore, Jr. and Aetna Casualty & Surety Company, and against third party defendant, Tri-State Insurance Company, dismissing its motion for summary judgment; costs of this appeal are to be borne by appellee, Tri-State Insurance Company.
NOTES
[1] Aetna was the workmen's compensation insurer of Pelican Trucking Company, Inc., the employer of the deceased, Francis Delwin Mays. Baremore was an executive officer of Pelican. Plaintiff claims compensation from Aetna and seeks damages for wrongful death from Baremore and others. Aetna and Baremore contend that Baremore was an omnibus insured under a liability policy written by Tri-State Insurance Company insuring Sam Grimmett, Inc., the owner of the truck-tractor unit rented by Pelican to move a caterpillar tractor, using a "float" trailer rented by Pelican from Louisiana Leasing Corporation. It is Aetna's position that, if plaintiff should recover in her compensation claim against Aetna, then Aetna should in turn recover from Tri-State, claiming, as does Baremore, that Tri-State became the omnibus insurer of Baremore because Baremore was using the truck by loading the caterpillar on the trailer attached to the truck. Aetna was also, apparently, the liability insurer of Pelican and Baremore.