**AETNA CASUALTY & SURETY COMPANY, Plaintiff-Appellant Cross-Appellee,**

v.

**The HERTZ CORPORATION, Defendant-Appellee Cross-Appellant.**

No. 76–2213.

United States Court of Appeals, Fifth Circuit.

May 22, 1978.

Rehearing Denied June 26, 1978.

Joel L. Borrello, Robert J. Conrad, Jr., New Orleans, La., for plaintiff-appellant cross-appellee.

Emile L. Turner, Jr., New Orleans, La., for defendant-appellee cross-appellant.

Before TUTTLE, CLARK and RONEY, Circuit Judges.

PER CURIAM:

This diversity appeal presents questions of Louisiana law for which there are no clear controlling Louisiana Supreme Court precedents. Two Louisiana Court of Appeals decisions appear to reach conflicting results. *Compare Mays v. Aetna Casualty & Surety Co.,* 242 So.2d 264 (La. 2d Cir. Ct. App. 1970), *with Brady v. American Insurance Co.,* 198 So.2d 907 (La. 4th Cir. Ct. App. 1967). Because the Supreme Court of Louisiana is the source of ultimate authority in this diversity case, we defer decision in the case and certify the issues to it.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA, PURSUANT TO § 13:72.1, LOUISIANA REVISED STATUTES, 1972, and RULE XII, LOUISIANA SUPREME COURT RULES.

TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the

above-styled case in this Court involves questions of law of the State of Louisiana which are determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of the State of Louisiana. This Court certifies the following questions of law to the Supreme Court of Louisiana for instructions concerning said questions of law, based on the facts recited herein.

(1) *Style of the Case*

The style of the case in which this certificate is made is Aetna Casualty & Surety Co., plaintiff-appellant and cross-appellee, versus The Hertz Corporation, defendant-appellee and cross-appellant, Case No. 76–2213, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana.

(2) *Statement of Facts*

Mississippi Valley Silica leased a truck-tractor from the Hertz Corporation under a rental agreement. The agreement provided insurance up to $100,000 for Mississippi and for any employee of Mississippi while acting in the course of such employment. The insurance was "primary as respects any other insurance available." In block print the Hertz agreement added, "THERE IS NO COVERAGE FOR TRAILERS." The agreement provided coverage in accordance with the "standard provisions of a basic automobile liability policy." The agreement thus incorporated by reference an exclusion clause stating that its coverage would not apply "while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company . . . ." Also incorporated was a provision for prorating liability among insurers "[i]f the insured has other insurance against a loss covered by this policy."

Mississippi owned a trailer which Aetna Casualty & Surety Company insured up to $200,000. Hertz did not insure the trailer. The Aetna policy provided that it would be primary, but that "[w]ith respect to a hired automobile or a non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured." Another clause prorated liability "[w]hen both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent."

Neal, a Mississippi employee acting within the scope of his employment, drove the tractor pulling the trailer, which was fully loaded, onto the Lake Ponchartrain Causeway, where it was involved in an accident. The trial court found that Neal's negligence in the vehicle's operation was the sole proximate cause of an accident which killed Garrison, an automobile driver. Garrison's survivors sued Neal, Hertz, Mississippi, and Aetna in Louisiana state court. Hertz and Aetna settled the suit for $145,000, with a full reservation of rights against each other.

Aetna brought this diversity suit in the United States District Court for the Eastern District of Louisiana seeking a declaratory judgment that Hertz was liable up to the $100,000 limit of its insurance agreement. The trial judge held the exclusion clause in the Hertz policy applied to Mississippi but not to Neal, because Neal was an "insured" who did not own the trailer. He thus followed *Mays v. Aetna Casualty & Surety Co.*, 242 So.2d 264 (La.2d Cir. Ct. App. 1970). He recognized the existence of an arguably contrary case, *Brady v. American Insurance Co.*, 198 So.2d 907 (La. 4th Cir. Ct. App. 1967), but held its authority was "weak." As an insurer of Neal, Hertz was found to be liable.

The district court also held Aetna liable as a primary insurer of the trailer. The court ruled the clause limiting coverage to excess liability did not apply. The tractor and trailer operated as a unit, and so the "automobile" referred to was at least partly owned by Mississippi. The court discerned no Louisiana precedent to control the question.

Concluding both Hertz and Aetna were primary insurers of the accident, the judge then employed the proration clauses appli-

**308**

cable to Hertz and Aetna and apportioned the loss according to their liability limits. He required Aetna to pay Hertz $24,166.66, a sum which, when added to Aetna's previous contribution of half of the settlement, imposed two-thirds of the liability on Aetna. Both parties appealed.

### (3) Questions to be Certified [1]

1. Whether a clause in a company's insurance agreement with its customer which excludes coverage "while the automobile [tractor] is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company" excludes from insurance coverage an otherwise covered employee of the customer, when said employee has an accident while driving the insured tractor with a trailer attached, where the trailer is owned by his employer and the trailer is not covered by "like insurance in the company."

2. If the insurance agreement covering the tractor (rented by the driver's employer) does not exclude the driver, whether that policy is co-primary with an insurance agreement covering the attached trailer (owned by the employer), when:

(a) the trailer policy provides only excess coverage when the "automobile" is not owned by the employer, and the sole proximate cause of the accident was found to be the driver's negligence in the vehicle's operation; and

(b) the agreement insuring the tractor provides for coverage primary "as respects any other insurance available," the trailer policy does not contain the same language, and while both policies contain proration clauses, the trailer proration clause takes effect only when other insurance applies "on the same basis."

*Martinez v. Rodriguez*, 394 F.2d 156, 159 n.6 (5th Cir. 1968).

---

1. The particular phrasing used in the certified questions is not to restrict the Supreme Court's consideration of the problem involved. *See*