366 So.2d 1362 (1978)
AETNA CASUALTY & SURETY COMPANY
v.
The HERTZ CORPORATION.
No. 62619.
Supreme Court of Louisiana.
December 15, 1978.
*1363 Emile L. Turner, Jr., New Orleans, for defendant-appellee and cross-appellant.
Joel L. Borrello and Robert J. Conrad, Jr., Adams & Reese, New Orleans, for plaintiff-appellant and cross-appellee.
PER CURIAM.
Pursuant to Rule 12 of this Court, the United States Court of Appeals for the Fifth Circuit certified questions or propositions of law to this Court for rendition of a judgment or opinion. This Court has, within its discretion, agreed to answer the questions certified to it.
According to the opinion of the United States Court of Appeals for the Fifth Circuit, the Style of the Case, the Statement of Facts, and the questions certified are as follows:
"(1) Style of the Case
"The style of the case in which this certificate is made is Aetna Casualty & Surety Co., plaintiff-appellant and cross-appellee, versus The Hertz Corporation, defendant-appellee and cross-appellant, Case No. 76-2213, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana.
"(2) Statement of Facts
"Mississippi Valley Silica leased a truck-tractor from the Hertz Corporation under a rental agreement. The agreement provided insurance up to $100,000 for Mississippi and for any employee of Mississippi while acting in the course of such employment. The insurance was `primary as respects any other insurance available.' In block print the Hertz agreement added, `THERE IS NO COVERAGE FOR TRAILERS.' The agreement provided coverage in accordance with the `standard provisions of a basic automobile liability policy.' The agreement thus incorporated by reference an exclusion clause stating that its coverage would not apply `while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company . . .' Also incorporated was a provision for prorating *1364 liability among insurers `[i]f the insured has other insurance against a loss covered by this policy.'
"Mississippi owned a trailer which Aetna Casualty & Surety Company insured up to $200,000. Hertz did not insure the trailer. The Aetna policy provided that it would be primary, but that `[w]ith respect to a hired automobile or a non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured.' Another clause prorated liability `[w]hen both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent.'
"Neal, a Mississippi employee acting within the scope of his employment, drove the tractor pulling the trailer, which was fully loaded, onto the Lake Pontchartrain Causeway, where it was involved in an accident. The trial court found that Neal's negligence in the vehicle's operation was the sole proximate cause of an accident which killed Garrison, an automobile driver. Garrison's survivors sued Neal, Hertz, Mississippi, and Aetna in Louisiana state court. Hertz and Aetna settled the suit for $145,000, with a full reservation of rights against each other.
"Aetna brought this diversity suit in the United States District Court for the Eastern District of Louisiana seeking a declaratory judgment that Hertz was liable up to the $100,000 limit of its insurance agreement. The trial judge held the exclusion clause in the Hertz policy applied to Mississippi but not to Neal, because Neal was an `insured' who did not own the trailer. He thus followed Mays v. Aetna Casualty & Surety Co., 242 So.2d 264 (La. 2d Cir. Ct. App. 1970). He recognized the existence of an arguably contrary case, Brady v. American Insurance Co., 198 So.2d 907 (La. 4th Cir. Ct. App. 1967), but held its authority was `weak.' As an insurer of Neal, Hertz was found to be liable.
"The district court also held Aetna liable as a primary insurer of the trailer.
The court ruled the clause limiting coverage to excess liability did not apply. The tractor and trailer operated as a unit, and so the `automobile' referred to was at least partly owned by Mississippi. The court discerned no Louisiana precedent to control the question.
"Concluding both Hertz and Aetna were primary insurers of the accident, the judge then employed the proration clauses applicable to Hertz and Aetna and apportioned the loss according to their liability limits. He required Aetna to pay Hertz $24,166.66, a sum which, when added to Aetna's previous contribution of half of the settlement, imposed two-thirds of the liability on Aetna. Both parties appealed.
"(3) Questions to be Certified
"1. Whether a clause in a company's insurance agreement with its customer which excludes coverage `while the automobile [tractor] is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company' excludes from insurance coverage an otherwise covered employee of the customer, when said employee has an accident while driving the insured tractor with a trailer attached, where the trailer is owned by his employer and the trailer is not covered by `like insurance in the company.'
"2. If the insurance agreement covering the tractor (rented by the driver's employer) does not exclude the driver, whether that policy is co-primary with an insurance agreement covering the attached trailer (owned by the employer), when:
"(a) the trailer policy provides only excess coverage when the `automobile' is not owned by the employer, and the sole proximate cause of the accident was found to be the driver's negligence in the vehicle's operation; and
"(b) the agreement insuring the tractor provides for coverage primary `as respects any other insurance available,' the trailer policy does not contain the same language, and while both policies *1365 contain proration clauses, the trailer proration clause takes effect only when other insurance applies `on the same basis.'" [footnote omitted] 573 F.2d 306 (5th Cir. 1978).
Upon review, we find no conflict between Mays v. Aetna Casualty & Surety Co., 242 So.2d 264 (La.App.2d Cir. 1970), which was correctly decided, and Brady v. American Ins. Co., 198 So.2d 907 (La.App. 4th Cir. 1967). Accordingly, the federal district court correctly applied the rule of the Mays case in finding that "although Hertz provides no coverage for Mississippi Valley Silica under its rental agreement, Hertz does provide coverage for Mississippi's driver, Floyd B. Neal."
The federal district court also reached the correct result under Louisiana law in concluding that both Aetna and Hertz provided primary insurance for the accident sued upon and in applying the proration clauses of the respective insurance policies. The provision in the Aetna policy that its insurance shall be excess with respect to a hired automobile or non-owned automobile is inapplicable. Because the truck-tractor and the trailer became one vehicle for the transportation of cargo, Mays v. Aetna Casualty & Surety Co., supra, the "automobile" in the accident was at least partially owned by Mississippi Valley Silica, the named insured of Aetna.
CERTIFIED QUESTIONS ANSWERED.