Joseph **PERKINS**, Plaintiff-Appellant,

v.

**F.I.E. CORPORATION,**
Defendant-Appellee.

Judie **RICHMAN**, Individually and as Personal Representative of the Estate of Kathy Newman, Deceased, Plaintiff-Appellee,

v.

**CHARTER ARMS CORPORATION,**
Defendant-Appellant.

Nos. 83–3451, 83–3591.

United States Court of Appeals,
Fifth Circuit.

Oct. 4, 1984.

David R. Frohn, Geralyn P. Garvey, Brian G. Meissner, Lake Charles, La., for Charter Arms Corp.

Mark K. Benenson, New York City, for amicus Second Amendment Foundation.

Frank G. Jones, James B. Sales, Houston, Tex., for amicus R.G. Industries.

Richard E. Gardiner, Robert J. Dowlut, Washington, D.C., for amicus Nat. Rifle.

Nicholas E. Calio, Donald E. Santarelli, M. Stuart Madden, Washington, D.C., for amicus Washington Legal.

Windle Turley, Dallas, Tex., for plaintiff-appellee in No. 83–3591.

Talbot, Sotile, Carmouche, Marchand & Marcello, Victor L. Marcello, Donaldsonville, La., for Perkins.

Stephen Chapple, Arlington, Va., for amicus The U.S. Conference of Mayors, et al.

Bienvenu, Foster, Ryan & O'Bannon, Ernest L. O'Bannon, John C. Tollefson, New Orleans, La., for F.I.E. Corp.

Henry B. Bruser, III, John B. Glendon, Greenwich, Conn., for amicus Bangor Punta.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

PER CURIAM:

These two consolidated diversity appeals present undecided issues of Louisiana state law that will be determinative of the causes independently of the issues in each case. Our final decision in this matter will therefore be deferred pending certification of the issues to the Supreme Court of Louisiana.

Both cases involve innocent victims who were shot by small caliber handguns. The plaintiff Joseph Perkins was an innocent bystander who was permanently paralyzed when he was hit by a stray bullet fired from a .25 caliber automatic pistol during a barroom fight. Kathy Newman, the plaintiff Judie Richman's deceased daughter, was a third-year medical student who was kidnapped outside her apartment, raped, and then fatally shot by Willie Watson who was armed with a .38 caliber revolver. Perkins was shot with a pistol which was manufactured and distributed by Firearms Import and Export Corporation. The handgun used in the Newman slaying was manufactured and distributed by Charter Arms Corporation.

Both plaintiffs sued the manufacturers of the handguns claiming liability in tort under Louisiana law. On appeal, the plaintiffs advance two theories of recovery: (1) that the manufacturing and marketing of handguns is an ultra-hazardous activity subjecting the manufacturer to absolute liability under either Louisiana Civil Code articles 667–669 or articles 2315 and 2316; and/or (2) the design and marketing of handguns creates an unreasonable risk of harm subjecting the manufacturer to strict products liability under Louisiana Civil Code article 2315.

So far as we can determine, neither a Louisiana appellate court nor the Louisiana Supreme Court has decided whether or not an innocent victim of a shooting can, grounded on absolute or strict liability principles, recover from the manufacturer of the handgun used in the shooting.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA PURSUANT TO LOUISIANA REVISED STATUTES ANN., TITLE 13, § 72.1 (1972) AND RULE 12, LOUISIANA SUPREME COURT RULES

TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above

styled cases in this Court involve questions or propositions of the law of the State of Louisiana that are determinative of the cause and as to which no clear and controlling precedents in the decisions of the Supreme Court of Louisiana suggest appropriate resolution. Therefore, this court hereby certifies the following questions of law to the Supreme Court of Louisiana for instructions concerning the answers to those questions of law, based on the facts recited herein, pursuant to La.R.S. 13:72.1, and Rule 12, Rules of the Supreme Court of Louisiana (1973; as amended in 1979).

### 1. *Style of the Cases.*

The style of the cases in which this certificate is made is (1) Joseph Perkins, Plaintiff-Appellant v. Firearms Import and Export Corporation, Defendant-Appellee, Case No. 83–3451, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana; and (2) Judie Richman, Individually and as Personal Representative of the Estate of Kathy Newman, Deceased, Plaintiff-Appellee v. Charter Arms Corporation, Defendant-Appellant, Case No. 83–3591, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana.

### 2. *Statement of the Cases.*

#### a. Joseph Perkins v. Firearms Import and Export Corporation

On September 18, 1981, Joseph Perkins was shot at the Cut Rate Lounge by Claude Nichols. Nichols entered the Cut Rate Lounge after participating in a fight in the barroom's parking lot. Nichols fired a .25 caliber automatic pistol at the individual with whom he had been fighting, and instead hit Joseph Perkins, an innocent bystander. Perkins was struck in the spine and is now permanently paralyzed from the waist down. Nichols was convicted of aggravated battery and sentenced to five years hard labor.

The handgun used by Nichols was allegedly manufactured and distributed by Firearms Import and Export Corporation.

On August 9, 1982, Perkins filed suit against the defendant manufacturer in the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana. The suit was removed to the United States District Court, Eastern District of Louisiana, which in an unreported decision granted the defendant's motion for summary judgment on July 7, 1983. Civil Action No. 82–3982, Eastern District.

#### b. Judie Richman v. Charter Arms Corporation

On April 4, 1981, Kathy Newman, a third-year medical student at Tulane University, was kidnapped from the parking lot of her apartment by Willie Watson who was armed with a .38 caliber handgun, allegedly designed, manufactured, and marketed by Charter Arms Corporation. Watson raped and then fatally shot Newman with the handgun.

The plaintiff, Judie Richman, instituted suit against Charter Arms for the wrongful death of her daughter in three United States District Courts: the District of Connecticut, the Southern District of Florida, and the Eastern District of Louisiana. The Connecticut and Florida cases were eventually transferred to Louisiana and consolidated.

On August 17, 1983, the district court denied the defendant manufacturer's Motion for Summary Judgment. Civil Action No. 82–1314. In an opinion reported at *Richman v. Charter Arms Corporation,* 571 F.Supp. 192 (E.D.La.1983), the court found that the plaintiff had no claim either under traditional product liability theories or in negligence, but that the plaintiff's factual showing presented a claim based upon strict or absolute liability under the Louisiana law pertaining to ultra-hazardous activities. The issue was certified and accepted on interlocutory appeal to this court as a controlling question of law as to which there is a substantial ground for difference of opinion and upon which an immediate appeal would advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

In the absence of provision by the Louisiana legislature, the issues of whether the

manufacture or sale of handguns constitutes an ultrahazardous activity importing absolute or strict liability, and of whether a handgun is an unreasonably dangerous product giving rise to strict product liability on the part of the manufacturer, appear under Louisiana jurisprudential authority to be issues determinable by the courts, "to be determinable after a study of the law and customs, a balancing of claims and interests, a weighing of the risk and gravity of the harm, and a consideration of individual and societal rights and obligations." *Entrevia v. Hood,* 427 So.2d 1146, 1149 (La.1983). Under applicable values of federalism, the determination of these sensitive issues of Louisiana law should more appropriately be made by the Supreme Court of Louisiana than by a federal court.

3. *Questions to be Certified.*[1]

1. Does the manufacture, sale, and marketing of handguns constitute an ultrahazardous activity giving rise to absolute or strict liability of the manufacturer under Louisiana law? *See Kent v. Gulf States Utilities Company,* 418 So.2d 493, 498 (La. 1982).

2. Is a handgun an unreasonably dangerous product when marketed to the general public, giving rise to strict product liability of the manufacturer under Louisiana law? *See Hunt v. City Stores, Inc.,* 387 So.2d 585, 589 (La.1980).

3. Even if the answer to either of the questions is in the affirmative, will the use, including criminal misuse, of the handgun by an ultimate possessor that injures a victim be regarded as a superseding cause, although allegedly foreseeable; or, instead, will it be regarded as an actionable consequence of the release of the product into the stream of commerce?

The entire record in this case, together with copies of the brief of the parties and agreed certification in this Court, are transmitted herewith.

1. The particular phrasing used in the certified questions is not to restrict the Supreme Court's consideration of the problem involved. *Aetna*

*Casualty & Surety Company v. Hertz Corporation,* 573 F.2d 306, 308 n. 1 (5th Cir.1978).