Geraldine **CARTER**, Plaintiff-Appellee,

v.

Arlie J. **VANGILDER, et al.,**
Defendants-Appellants.

No. 86–4280
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1986.

Joe Payne Williams, Andrew D. McGlaherty, III, Natchitoches, La., for defendants-appellants

John David Ziober, Baton Rouge, La., for Chicago Ins. Co.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Louisiana Farm Bureau Casualty Insurance Company (Louisiana Farm) appeals the district court's grant of summary judgment in favor of Chicago Insurance Company (Chicago). The court, ruling on cross motions for summary judgment, held that

Chicago's policy provided excess coverage and Louisiana Farm's policy provided primary coverage. We affirm.

### I.

This appeal arises from a lawsuit filed by Geraldine Carter seeking damages for personal injuries suffered in an automobile accident between her vehicle and a tractor-trailer combination owned by the insured, Arlie J. Vangilder, and driven by his employee, Roger D. Sanders. Louisiana Farm insured the tractor, and Chicago insured the trailer. Prior to the trial, the parties entered into a settlement agreement in the amount of $36,000. Both insurance companies filed motions for summary judgment for a determination of the type of coverage their policies provided, which would then determine the amount of money each would have to contribute to the settlement. Louisiana Farm contended that both companies should share the burden because both policies provided for primary coverage. Chicago argued that its coverage was excess while Louisiana Farm's coverage was primary, and therefore Louisiana Farm was responsible for the entire settlement.

The relevant portions of the policy provisions are: [1]

*Louisiana Farm Policy*

CONDITIONS:

4. Other Insurance-Insuring Agreement Part I and Part III

If the insured has other insurance against a loss covered by this policy, the company shall not be liable under the policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to "temporary substitute automobiles," "non-owned automo-

---

1. The insurance policies were not set forth in the record on appeal. The language quoted is entirely from the briefs submitted to this court. It may be that there are other provisions that are relevant, or that the language quoted is not accurate. However, since there is no other information, our decision is based only on an examination of the provisions supplied with the briefs.

biles," and "hired automobiles" shall be excess insurance over any other valid and collectible insurance.

### Chicago Policy

Part VII–Conditions

B. Other insurance-primary and excess insurance provisions

This policy's liability coverage is primary for a covered auto while hired or borrowed by you and used exclusively in your business and over a route or territory, if any, you are authorized to serve by public authority. This policy's liability coverage is excess over any collectible insurance for any covered auto hired or borrowed from you by another trucker. However, when the covered auto is a trailer which is connected to a power unit, this policy's liability coverage is:

a. On the same basis, primary or excess as to the power unit if the power unit is a covered auto.

b. Is excess if the power unit is not a covered auto.

The Interstate Commerce Commission (ICC) endorsement in the Chicago policy provides:

The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, with the limits stated herein, as a motor carrier of property, with Section 29 and 30 of the Motor Carrier Act of 1980 in the Rules and Regulations of the Federal Highway Administration Bureau of Motor Carrier Safety (Bureau) and the Interstate Commerce Commission (ICC).

\*    \*    \*    \*    \*    \*

The insurance is primary and the company shall not be liable of amounts in excess of $500,000.00 for each accident.

The district court granted summary judgment in favor of Chicago, requiring Louisiana Farm to pay the entire settlement. Louisiana Farm appeals, arguing (1) that the ICC endorsement became a part of the Chicago insurance contract when at-

tached to the policy itself and making the policy primary; and (2) that when the tractor and trailer were connected, the separate insurance policies on the units became one and thus the liability should be shared pro rata.

### II.

■ Louisiana Farm asserts that Louisiana law requires that endorsements affixed to an insurance policy are to be read and harmonized with the provisions of the policy, and in the event of any conflict between the two, the endorsement prevails. Thus, Louisiana Farm argues that the ICC endorsement's provision for primary coverage supersedes the policy's other insurance clause providing for excess coverage. This representation is an accurate statement of state law. *See Roberts v. P. & J. Boat Service, Inc.*, 357 F.Supp. 729, 734 (E.D.La. 1973); *Smith v. Western Preferred Casualty Co.*, 424 So.2d 375, 376 (La.Ct.App. 1982). However, the endorsement at issue is required by section 30 of the Motor Carrier Act of 1980, 49 U.S.C. § 10927 note, and is therefore governed by federal, not state law. *See, e.g., Carolina Casualty Insurance Co. v. Insurance Company of North America*, 595 F.2d 128, 135–39 (3d Cir.1979) (discussing the ICC requirements under the role of federal law); *Carolina Casualty Insurance Co. v. Underwriters Insurance Co.*, 569 F.2d 304, 312–13 (5th Cir.1978) (analyzing the applicability of an ICC endorsement under federal law). *See also Transport Indemnity Co. v. Paxton National Insurance Co.*, 657 F.2d 657, 659 (5th Cir.1981) (holding that the Fifth Circuit *Carolina Casualty* opinion controls the ICC coverage issue) *cert. denied*, 455 U.S. 982, 102 S.Ct. 1490, 71 L.Ed.2d 692 (1982). The federal law analysis is fatal to Louisiana Farm's claim.

■ Under federal law, an ICC endorsement does not require that an excess coverage clause in an insurance policy be read out of the policy, resulting in the policy then providing primary coverage vis-a-vis another insurance policy. *See Carolina*

*Casualty,* 569 F.2d at 313 (holding that an ICC endorsement did not require the reading out of an excess provision, with the insurance company becoming the primary insurer as a matter of law). The *Carolina Casualty* court reached this conclusion based on a review of the purpose of the Interstate Commerce Act. Basically, the Act is designed "to assure to members of the public and shippers that a certified carrier has independent financial responsibility, with the dollar limits prescribed, to pay for losses created by its carrier operations." *Id.* at 312. The court reasoned that this policy of the Act required any "excess" clauses to be read out of the policy as regards the public; however, another insurer could not invoke that rationale to transfer its primary coverage to another insurer whose policy only provided excess coverage by having such excess provision excised from the policy. *Id.* at 313. The basis for the holding was that an insurance company that has contracted to insure a risk was not in the position of needing the protection that the ICC rules provide to the public. *Id.*

■ Following the *Carolina Casualty* rule, we conclude that the ICC endorsement does not require the reading out of the excess provisions of the Chicago policy, leaving Chicago as a primary insurer. "[Louisiana Farm] cannot disavow its primary insurer status on the theory that public policy demands that this be pushed off as to [Chicago]." *Id.* at 313. *See also Gaskin v. Jowers,* 775 F.2d 621, 623 (5th Cir.1985); *Transport Indemnity,* 657 F.2d at 659.

### III.

Louisiana Farm also argues that Louisiana law requires that once the tractor and trailer were joined, the separate insurance policies on each unit became one, and, therefore, the liability must be shared on a pro rata basis. In support of this view, Louisiana Farm cites *Aetna Casualty and Surety Co. v. Hertz Corp.,* 366 So.2d 1362 (La.1978). Such an interpretation, however, is too broad of a reading of the *Aetna* decision.

In *Aetna* this court certified two questions to the Louisiana Supreme Court regarding an interpretation of Louisiana insurance law. The points of law at issue resulted from an accident between a tractor-trailer and an automobile. The tractor-trailer was insured by two separate insurance companies. The tractor was leased by Mississippi Valley Silica from the Hertz Corporation, which provided primary insurance up to $100,000; there was no coverage for trailers. The trailer was owned by Mississippi Valley and was insured by Aetna. A clause in the policy provided that it was primary, "but that with respect to a hired automobile or a non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured." *Id.* at 1364. After the claim was settled, Aetna brought suit in district court seeking a declaratory judgment that Hertz was liable up to the $100,000 limit. The district court disagreed, holding, in part, that Aetna was liable as a primary insurer of the trailer because once the tractor and trailer were connected it operated as a unit, and thus the tractor was owned partly by Mississippi voiding the excess liability clause. *Id.* Both parties appealed.

This court certified two questions. The relevant question was:

2. If the insurance agreement covering the tractor (rented by the driver's employer) does not exclude the driver, whether that policy is co-primary with an insurance agreement covering the attached trailer (owned by the employer), when:

(a) the trailer policy provides only excess coverage when the "automobile" is not owned by the employer, and the sole proximate cause of the accident was found to be the driver's negligence in the vehicle's operation; and

(b) the agreement insuring the tractor provides for coverage primary "as respects any other insurance available," the trailer policy does not contain the

same language, and while both policies contain proration clauses, the trailer proration clause takes effect only when other insurance applies "on the same basis." [footnote omitted] 573 F.2d 306 (5th Cir.1978).

*Id.* at 1364–65. The Louisiana Supreme Court agreed with the district court's interpretation:

> The provision in the Aetna policy that its insurance shall be excess with respect to a hired automobile is inapplicable. Because the truck-tractor and the trailer became one vehicle for the transportation of cargo, [cite omitted], the "automobile" in the accident was at least partially owned by Mississippi Valley Silica, the named insured of Aetna.

*Id.* at 1365. This answer put Aetna, as insurer of the trailer, in the position of a primary insurer. Louisiana Farm argues this holding is dispositive of the present case.

In *Aetna,* the clause in question provided for excess coverage when the "automobile" was hired or non-owned. The court found that upon connection of the tractor-trailer the two units became one, extending ownership to Mississippi Valley, Aetna's insured. Once Mississippi Valley was part owner of the "automobile" it was no longer hired or non-owned and, thus, the excess coverage clause was inapplicable, allowing the primary coverage clause to take effect. In so deciding, the court did not change the coverage afforded by the policy; rather it only held that ownership of the trailer was altered, with the result being coverage under the primary coverage language of the policy.

In the present case, the clause in the Chicago policy provided that "when the covered auto is a trailer which is connected to a power unit, this policy's liability coverage ... (b) Is excess if the power unit is not a covered auto." The *Aetna* decision is not controlling because here the applicability of the clause does not depend on ownership, as in *Aetna,* but rather on whether the power unit (the tractor) is covered. For this court to rule that the excess cover-

age provision is inapplicable resulting in Chicago providing primary coverage, we would have to rewrite the policy and hold that the power unit (the tractor) is a covered auto. Such an extension of the policy goes beyond what was held in *Aetna,* which merely extended ownership, not the policy terms.

The decision of the district court is **AFFIRMED.**