PRESTON H. HUFFT, Judge Pro Tem.
The plaintiff appeals devolutively from a summary judgment dismissing her suit with prejudice. The issue before the Court is whether the record of the instant case supports the grant of summary judgment.
Eva Maria S. Hall (“plaintiff”) sued Michael Babin, owner of a certain house located at 3409 Veronica Street, Chalmette, Louisiana, and his insurer State Farm Insurance Company (“defendants”) for recovery of damages sustained from injuries alleged as a result of slipping and falling on the terrezza flooring of the porch of Michael Babin’s house. The plaintiff allegedly suffered the accident while in the performance of her duties as a part-time letter carrier for the United States Postal Service.
The record reflects that the plaintiffs Petition for Damages was filed on June 4, 1985, and that the defendants filed a Request of Admissions of the plaintiff which was subsequently served but apparently not answered. The defendants filed a Motion for Summary Judgment on May 8, 1986, and on the day of the hearing thereon, June 6, 1987, defendants obtained a summary judgment dismissing plaintiffs suit.
The basis for the summary judgment appears to be that the plaintiff had no interest in the litigation as a result of having assigned her claims to the United States Postal Service pursuant to 5 U.S.C. Secs. 8101-50, sometimes referred to as the Federal Employees Compensation Act. The defendants’ memorandum in support of the Motion for Summary Judgment states in particular part:
“On March 31, 1986, movers herein filed a Request for Admission of Fact in accordance with the provisions of the Louisiana Code of Civil Procedure Article 1466 et seq. Plaintiff has not filed a written answer or objection and therefore admits to the following matters. That as a result of alleged slip and fall described above, Eva Maria S. Hall applied for and received benefits under the provisions of the Federal Employees Compensation Act, No. 5 U.S.C. 8101-50. Furthermore, on August 5, 1984, plaintiff signed an Assignment of Claim to the United States Postal Service, assigning to the United States Postal Service all of her rights, title and interest in any claim, demand or cause of action which she may have against Michael Babin or any other person, as a result of any injury which she may have sustained in the incident of July 25, 1984 at 3409 Veronica Drive, Chalmette, Louisiana 70043, while in the performance of her duties as an employee of the United States Postal Service. [Emphasis added].
“A copy of the Assignment of Claim to the United States Postal Service signed by Eva Maria S. Hall is attached hereto as Exhibit No. 1. The plaintiff has admitted to the genuiness of this document as the Assignment of Claim to the United States Postal Service described above and signed by her on August 5, 1984. [Emphasis added].
“As a result of the plaintiff’s applying for and receiving benefits under the provisions of the Federal Employee’s Compensation Act, 5 U.S.C. 8101-50, the plaintiff voluntarily assigned to the United States Postal Service all her rights, title and interest in this claim since she did not wish to prosecute the action in her own name to recover damages. The United States Postal Service accepted the above assignment pursuant to the authority granted by 39 C.F.R. 224.-2(b)(l)(i).” [Emphasis added].
Summary judgment is rendered when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.’’ LSA-C.C.P. art. 966 B. It is well settled that a motion for summary judgment should be granted if, and only if, ... there is no genuine issue of material fact, and ... the mover is entitled to judgment as a matter of law ... Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment *660 warranted. Chaisson v. Dominque, 372 So.2d 1225, 1227 (La., 1979). [Emphasis added].
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La., 1980); Baker v. Ingram, 447 So.2d 101, 103 (La.App. 4th Cir., 1984).
The mover for summary judgment must make a prima facie showing of each fact necessary to prove his case upon which showing the burden shifts to the opposing party to raise genuine issues of material fact. Assuming that movers correctly established all facts upon which their summary judgment rests, as is indicated in the underlined portions of their supporting memorandum quoted above, still they would not be entitled to summary judgment. While movers’ filings make some showing of an assignment of plaintiff’s interest, they do not show that plaintiff did not have the right to prosecute her claim when she filed suit.
Defects in movers’ filings also require reversal of the trial court’s summary judgment. Movers (defendants) and opponent (plaintiff) both failed to provide affidavits in support of their respective positions. Ordinarily, affidavits supporting or opposing a motion for summary judgment are filed pursuant to the first paragraph of La.C.C.P. art. 967, which states as follows:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.”
The second paragraph of La.C.C.P. art. 967 suggests the result of failing to provide supporting affidavits to which there may be attached sworn to or certified copies of pertinent documents:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial.” [Emphasis added].
The two paragraphs taken together imply that failure to support a motion for summary judgment with affidavits results in the opponent being able to rely merely upon the allegations or denials in his pleadings. In Mays v. Aetna Casualty & Surety Company, 242 So.2d 264 (La.App. 2nd Cir., 1970), rehearing denied, en banc, the mover supported his motion for summary judgment by a single affidavit in which he alleged as facts certain admissions learned from the opponent at a deposition not filed of record; such admissions constituted hearsay and did not conform with the statutory requirement that the affidavit be made on the affiant’s personal knowledge. La.C.C.P. art. 967. The Court, noting that the admitted facts were critical for supporting summary judgment and that such facts had not been properly set forth in the supporting affidavit, looked to the record for the opponent’s admission of such facts and found none. The Court then looked to the remainder of the record, including the pleading in opposition, to determine whether the opponent had made allegations or denials which raised genuine issues of material fact. The Court found allegations and denials by the opponent that necessitated reversal of the grant of summary judgment.
In Vassallo, Inc. v. Southwestern Packing & Seals Co., 476 So.2d 925 (La.App. 2nd Cir., 1985), the Court reversed a grant *661 of summary judgment when the record, as supplemented, failed to establish that sworn to or certified copies of instruments relied upon had been attached to the supporting affidavits and served with the motion. The Court noted that “[w]hile the record does not conclusively show that the requirements of Article 967 were disregarded, we are bound to scrutinize the mover’s papers very closely. We will resolve all reasonable doubts against granting a summary judgment.... We will not indulge in the hypothesis that the supporting documents were verified and attached, when the record does not clearly show this.” Vassallo, Inc., supra, at 927.
In the case at bar, the defendants obtained summary judgment based upon an incomplete record. Defendants contended in their memorandum supporting summary judgment that plaintiffs failure to respond to their request for admissions resulted in several admissions by plaintiff. We have underlined in the text of defendants’ supporting memorandum quoted above those “admissions” which cause us concern inasmuch as the record does not support such contentions, although summary judgment appears to have been based upon them.
Plaintiff may be deemed to have admitted that she had assigned her interest in the litigation to the United States Postal Service, although fundamental questions remain as to the form, content, acceptance, effect and continuance of such assignment. Nothing properly appears in the record which resolves any of these issues. The Request for Admissions asks plaintiff whether she had executed an assignment, a copy of which is purportedly attached as an exhibit, by which she transferred her interest to litigate the action brought. No exhibit of any such assignment appears attached to the original Request for Admissions filed in the record. Submission of the copy attached as an exhibit to the supporting memorandum filed by defense counsel does not remedy the defect in the Request For Admissions. A copy of the purported assignment had to be introduced on the motion for summary judgment by the affidavit of someone with personal knowledge and had to be sworn to or certified. The omission of a copy of the assignment from the Request For Admissions and the failure to introduce a copy properly on the motion for summary judgment prevents the Court from drawing any conclusion as to the form or content of the assignment, the acceptance of the assignment by the United States Postal Service, the retention of such interest by the United States Postal Service, or any expression of plaintiff’s desire not to pursue her claim, all as contended by the defendants in their supporting memorandum. All of these are genuine issues of material fact. Movers are not entitled to summary judgment as a matter of law.
The defendants’ failure to complete the record through affidavits attached to their Motion for Summary Judgment allows the plaintiff to oppose such motion by merely relying upon the allegations and denials in her pleadings. Plaintiff's Petition for Damages alleges that the United States Postal Service has a right to reimbursement from what she might recover. This allegation alone, for purposes of summary judgment, should serve to qualify plaintiff’s admission of having assigned her interest and raises a genuine issue of material fact concerning the nature and continuance of the assignment and who had the right to bring the action when the suit was filed. Any doubt must be resolved in favor of the opponent.
In reviewing the plaintiff’s opposition, as may be allowed in Mays, supra, we see that plaintiff further alleges that she had received permission or even reassignment of her interest from the United States Postal Service so that she could prosecute her claim. The opposition clearly reinforces our determination that a genuine issue of material fact exists as to who might have the right to pursue plaintiff’s claim such that summary judgment should be denied as a matter of law.
In reaching our decision that the record does not support the grant of summary judgment, we have obviated the necessity of addressing an issue raised by the appellant as to whether the motion for summary judgment brought by defendant actually *662 constitutes a peremptory exception of no right of action such that plaintiff should be allowed to amend her petition pursuant to La.C.C.P. 934 and to implead the United States Postal Service under the holding of LaFleur v. National Health & Life Ins. Co., 185 So.2d 838 (La.App. 3rd Cir., 1966).
Costs to defendants-appellees.
REVERSED AND REMANDED.