KNOLL, Judge.
The issue on appeal is whether two automobile liability insurance policies, one which insured a truck-tractor and the other which insured the trailer (commonly referred to as an “eighteen wheeler” when coupled), contain conflicting excess insurance coverage provisions.
The codefendants, Old Republic Insurance Company (hereafter Old Republic), Ryder Truck Rentals, Inc. (hereafter Ryder), Latexco International, Inc. (hereafter Latexco), and Mark Elliot (sometimes referred to hereafter collectively as the code-fendants), appeal the motion for partial summary judgment granted in favor of the other defendant, United States Fidelity and Guaranty Co. (hereafter USF & G). The trial court held that the insurance policy on the truck-tractor issued by Old Republic provided primary coverage, and that the USF & G policy on the trailer constituted excess coverage for the claims asserted.
The codefendants contend on appeal that since both the Old Republic and USF & G policies contain conflicting excess insurance clauses, the trial court erred by not finding them mutually repugnant and ineffective, and therefore should have considered the insurance policies co-primary on a pro rata basis. We affirm, finding Old Republic’s excess insurance clause inapplicable.
FACTS
This lawsuit concerns an accident which occurred between an automobile driven by Dale Pitre and a tractor-trailer unit which was driven by Mark Elliott in the course and scope of his employment with Aaron Industries, Inc. (hereafter Aaron Industries). A stipulation of record indicates that the 1984 Freightliner truck-tractor involved in the accident was owned by Ryder, and the 1983 Lufkin trailer which was attached to the truck-tractor was owned by Aaron Industries. Aaron Industries changed its name after the accident, and it was named in the lawsuit.by its new name, Latexco. The stipulation further reveals that Old Republic insured the truck-tractor, and that USF & G insured the trailer.
INSURANCE CONTRACTS
The codefendants contend that when two insurance policies contain excess coverage clauses, the conflicting clauses are mutually repugnant and, therefore, ineffective; thus, the insurance policies should be considered co-primary on a pro rata basis.
The USF & G trailer policy and the Old Republic truck-tractor policy both contain excess insurance coverage provisions.
The USF & G policy on the trailer states, in pertinent part:
“B. OTHER INSURANCE.
1. For any covered auto you own this policy provides primary insurance. For any covered auto you don’t own, the insurance provided by this policy is excess over any other collectible insurance. However, while a covered auto which is a trailer is connected to another vehicle the liability coverage this policy provides for the trailer:
a. Is excess while it is connected to a motor vehicle you don’t own.
b. Is primary while it is connected to a covered auto you own.
2. When two or more policies cover on the same basis, either excess or *991 primary, we will pay only our share. Our share is the proportion that the limit of our policy bears to the total of the limits of all the policies covering on the same basis.”
The Old Republic policy on the truck-tractor provides, in pertinent part:
“6. Other Insurance: The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company’s liability under this policy shall not be reduced by the existence of such other insurance.”
The Old Republic policy further provides:
“VI. ADDITIONAL CONDITIONS
A. Excess Insurance — Hired and Non-Owned Automobiles
With respect to a hired automobile, or a non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured.”
The Old Republic policy defines automobile as:
“[A] land motor vehicle, trailer or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment.”
Hired automobile, non-owned automobile, and owned automobile are defined in the Old Republic policy as follows:
“ ‘hired automobile’ means an automobile not owned by the named insured which is used under contract in behalf of, or loaned to, the named insured, provided such automobile is not owned by or registered in the name of (a) a partner or executive officer of the named insured or (b) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile; ‘non-owned automobile’ means an automobile which is neither an owned automobile nor a hired automobile.
‘owned automobile’ means an automobile owned by the named insured.”
The named insured in the Old Republic policy is Ryder.
Under the terms of the Old Republic insurance policy its excess insurance provision, Part VI A hereinabove, only comes into play “with respect to a hired automobile, or a non-owned automobile”. In analyzing this same language, the Supreme Court in Aetna Cos. & Sur. Co. v. Hertz Corp., 366 So.2d 1362, 1365 (La.1978), stated:
“The provision in the Aetna policy that its insurance shall be excess with respect to a hired automobile or non-owned automobile is inapplicable. Because the truck-tractor and the trailer became one vehicle for the transportation of cargo, Mays v. Aetna Casualty & Surety Co., [242 So.2d 264 (La.App. 2nd Cir.1970)], the ‘automobile’ in the accident was at least partially owned by Mississippi Valley Silica, the named insured of Aetna.”
For the same reasons enunciated in Aetna, we find the excess coverage provisions of the Old Republic policy inapplicable. Accordingly, under paragraph 6 of the Old Republic policy, cited hereinabove, Old Republic provides primary coverage.
On the other hand, the language of the USF & G policy relative to the application of its excess insurance provisions is predicated on the relational ownership interest between the “covered auto”, i.e., the trailer in the case sub judice, and the other vehicle, i.e., the truck-tractor, to which it is connected; based on this relational ownership interest, USF & G provides either excess or primary coverage. Unlike the Old Republic policy, the USF & G policy is not clouded by the indistinct language of “hired automobile” or “non-owned automobile”, and because of this the excess insurance provisions of the USF & G policy are applicable herein. Accordingly, under the clear, explicit language of the USF & G policy in the case at hand, since the insured trailer is connected to a motor vehicle not *992 owned by Latexco, the named insured in the USF & G policy, the liability coverage provided by the policy is excess to that of Old Republic.
On this basis, we find that the trial court properly granted USF & G’s motion for partial summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the codefendants.
AFFIRMED.